UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CAVNER, an individual,; and BETH CAVNER, an individual,<br><br>Plaintiff,<br><br>v.<br><br>AIRBORNE SYSTEMS NORTH AMERICA OF CA, INC.; HUNTER DEFENSE TECHNOLOGIES, INC. dba HDT GLOBAL; and DOES 1 through 20,,<br><br>Defendant. | Case No.: 15cv2656 LAB (BGS)<br><br>**ORDER DENYING MOTION FOR ORDER DIRECTING THE U.S. SECRETARY OF THE NAVY TO PRODUCE DOCUEMTNS**<br><br>**[ECF No. 34.]** |

**I. INTRODUCTION**

Presently before the Court is Defendant Airborne Systems North America of CA, Inc. ("Airborne") motion for order directing the U.S. Secretary of Navy to produce government documents related to the accident which is the subject of the instant lawsuit. [ECF No. 34.]  In the motion, Airborne seeks *un-redacted* responses to document requests served on the General Counsel of the Navy via subpoena pursuant to Federal Rule of Civil Procedure 45.

The Plaintiffs in this wrongful death action are the parents of U.S. Navy Chief Petty Officer Bradley Cavner.  Officer Cavner was accidentally killed during a

parachuting exercise. Plaintiffs contend the reserve parachuting system worn by their son was defectively designed. Given the subject matter of the lawsuit, Defendant Airborne asserts the requested documents are relevant and needed to "analyze the circumstances surrounding the deployment of the T-11R reserve parachute … [in particular] government documents regarding the MC-6 Personnel Parachute System and T-11R reserve parachute (including records related to the training of military personnel with respect to the packing, maintenance, and operation of the T-11R, and the investigation of the subject incident." [ECF No. 34 at p. 2, fn 1.]

## II. FEDERAL RULE OF CIVIL PROCEDURE 45

Rule 45 governs subpoenas, the method used to gather discovery and testimony from non-parties. Fed R. Civ. P. 45(a). A non-party subpoenaed to produce documents may object to production and the requesting party may thereafter move for an order compelling production. Fed. R. Civ. P. 45(d)(2)(B)(i-ii). Under Rule 45, subpoenaed documents may properly be withheld based on a claim of privilege. Fed. R. Civ. P. 45(e)(2)(A). Accordingly, Rule 45 provides that a subpoena *must* be quashed when it requires disclosure of privileged or other protected matter if no exception or waiver applies. Fed. R. Civ. P. 45(d)(3)(A)(iii). In the alternative, in situations where the Court is not required to quash or modify the subpoena, the court may order that the non-party produce documents if the party serving the subpoena establishes a substantial need for the material that cannot otherwise be met without undue hardship. Fed. R. Civ. P. 45(d)(C)(i).

## III. BACKGROUND

Airborne served its subpoena on the General Counsel of the Navy on February 25, 2016. [Ex. A to Jennifer Vagle, Esq., Decl.] On March 21, 2016, the Navy objected to Airborne's subpoena based on third-party privacy concerns under the Privacy Act, 5 U.S.C. § 552a. [Ex. B. to Vagle Decl.] On April 26, 2016, Airborne responded to the Navy's objection and noted that the documents sought concerned a deceased individual, therefore Privacy Act rights were not implicated. [EC. C. to Vagle Decl.] On May 11,

2016, the Navy's Office of the Judge Advocate General responded to Airborne's correspondence via email stating:

> "Regarding your question about the Privacy Act (PA) and its applicability to records of the deceased, you are 100% correct that PA does not protect personal information of deceased individuals.  **However, information about 3rd parties is still protected and cannot be released absent a judge-signed court order or unless some other PA exception applies.  So, while we can certainly process your request and provide you with the records you need, the names, addresses, social security numbers , and other information of 3rd parties will have to be redacted.  I imagine that you require unredacted copies but, if you do not, please let me know.**"

[Ex. D to Vagle Decl.][emphasis added.]

On May 31, 2016, Ms. Vagle responded via email to the Navy's Office of the Judge Advocate General stating:

> "I understand the Navy is concerned that responsive documents may implicate third party privacy interests, but a court order will streamline the production process. Accordingly, we have prepared a motion for entry of court order to produce the subpoenaed documents."

 [Ex. D to Vagle Decl.]

In response to the attached draft motion, the Navy's Office of the Judge Advocate General stated:

> "Thank you for sending these our way.  I only have one recommended change.  The last paragraph of the Memo of PsAs reads:  'Because the Navy maintains that the requested records [cannot] be released absent a judge-signed court order, Airborne respectfully requests that the Order be issued.'  I recommend changing it to: 'Because the Navy maintains **that unredacted records may not be released absent a judge-signed court order**, Airborne respectfully requests that the Order be issued.'  The court-order will allow us to release PA protected information.  **Of**

**course, the documents will still have to be reviewed for any classified or privileged information. I don't know of any classified information contained in any of the documents; we will have to address that issue should it come up. I do believe that some of the records may be protected by the safety privilege. Those documents will be identified by the Navy Safety Center and a letter informing you of the basis for withholding any documents will be provided by them**."

[Ex. E to Vagle Decl.][emphasis added.]

Airborne filed its motion to compel on June 3, 2016 and the District Court referred this motion to Magistrate Judge Skomal on June 6, 2016. [ECF Nos. 34 and 38.] This Court issued a hearing date and briefing schedule on June 9, 2016. [ECF No. 40.] No opposition brief was received, therefore this matter was taken under submission pursuant to Local Civil Rule 7.1(d)(1) on July 6, 2016. [ECF No. 44.]

**IV. DISCUSSION AND ORDER THEREON**

As explained in the Standard of Review Section above, Rule 45 explicitly states that subpoenaed documents may properly be withheld based on a claim of privilege and indeed the Rule provides that a subpoena *must* be quashed when it requires disclosure of privileged or other protected matter and no exception applies. Fed. R. Civ. P. 45(d)(3)(A)(iii);Fed. R. Civ. P. 45(e)(2)(A). From the exhibits provided in support of Airborne's motion, it appears that the Navy has legitimately objected to Airborne's subpoena on the basis of other third-party privacy interests unrelated to the deceased which may be present in the requested documents. Nevertheless, the Navy did offer to produce redacted documents. In its apparent haste to move the processing of its requests along, Airborne refused to take the Navy up on its May 11, 2016 email offer to provide redacted documents and instead filed the instant motion. This procedural choice is puzzling to the Court, however, because the Court cannot intelligently order that alleged Privacy Act protected information is either, not protected, or should otherwise be released when: (1) Airborne has not received any documents; therefore it does not know what

would have been redacted and whether such redacted information is even needed; and (2) Airborne has not received a privilege log specifically identifying the privileged documents at issue and the basis, valid or not, for redactions or withholding.

It is clear from the Navy's May 11, 2016 email that the Navy has asserted additional grounds for redaction or withholding, including that the documents may be classified or protected under the safety privilege.  Yet, Airborne's motion fails to provide the Court with any information whatsoever about what the non-party production contains or may contain.  Consequently, there is no mechanism for the Court to even conduct an *in camera* review to assess the applicability of the Privacy Act or other privileges asserted.

Airborne has not met its burden of showing that the Navy's objection on the basis of protecting the third-party privacy rights of other persons (who are unrelated to the deceased, but named in responsive documents), is inapplicable or waived. Fed. R. Civ. P. 45(d)(3)(A)(iii).  Airborne has also failed to establish a substantial need for unredacted documents that cannot otherwise be met without undue hardship.  Fed. R. Civ. P. 45(d)(C)(i).  Accordingly, Airborne's motion to compel the production of unredacted documents in response to its Rule 45 subpoena is **DENIED.**  Airborne may re-file a motion to compel compliance with its Rule 45 subpoena after it receives redacted responsive documents and a supporting privilege log, which the Court must have in order to appropriately apply Rules 45 and 26 and meaningfully assess the applicability of any alleged privileges.

Dated:  August 1, 2016

_____
Hon. Bernard G. Skomal
United States Magistrate Judge