David S. Casey, Jr., California Bar No. 060768
Scott C. Cummins, California Bar No. 060899
Adam B. Levine, California Bar No. 305368
**CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD, LLP**
110 Laurel Street
San Diego, CA 92101
Telephone: (619) 238-1811
Facsimile: (619) 544-9232

Attorneys for Plaintiffs
Steve Cavner and Beth Cavner

Shalem Massey, California Bar No. 143281
Alfred Shaumyan, California Bar No. 266908
**BRYAN CAVE LLP**
120 Broadway, Suite 300
Santa Monica, CA 90401-2386
Telephone: (310) 576-2100
Facsimile: (310) 576-2200

Attorneys for Defendant
Pioneer Aerospace Corporation

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CAVNER, an individual; and BETH CAVNER, an individual;<br><br>    Plaintiffs,<br><br>v.<br><br>AIRBORNE SYSTEMS NORTH AMERICA OF CA, INC.; PIONEER AEROSPACE CORPORATION; AEROSTAR INTERNATIONAL, INC., and DOES 1 through 20,<br><br>    Defendants. | CASE No. 15-cv-02656 LAB (BGS)<br><br>**JOINT MOTION TO FILE UNDER SEAL EXHIBITS "F" AND "G" TO PLAINTIFFS' OPPOSITION TO DEFENDANT PIONEER AEROSPACE CORPORATION'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

Pursuant to Local Rule 79.2 and the Stipulated Protective Order (ECF No. 20) and Supplemental Stipulated Protective Order (ECF No. 50) entered in this case, Plaintiffs and defendant Pioneer Aerospace Corporation's ("Pioneer") submit to the Court this Joint Motion to File Under Seal Exhibits "F" and "G" to Plaintiffs' Opposition To Defendant Pioneer Aerospace Corporation's Motion To Dismiss For Lack Of Personal Jurisdiction.

## ARGUMENT

It is well established that the right of the public to inspect and copy court records and documents is not absolute. Courts have the authority to ensure that "[Court] records are not 'used' . . . as sources of business information that might harm a litigant's competitive standing." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). A party faced with the disclosure of confidential or proprietary information may seek to file the documents under seal to avoid this exposure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Courts have utilized two standards to analyze whether a seal is appropriate. The standard used depends upon whether the proposed sealed documents are connected to a dispositive or non-dispositive motion. A party seeking to file a document under seal in connection with a dispositive motion must demonstrate "'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing the court records." *Kamakana*, 447 F.3d at 1179 (citing *Nixon*, 435 U.S. at 598). A lesser, "good cause" standard applies when a party seeks to file a document under seal in connection with a non-dispositive motion. *In re Midland Nat'l Life Ins. Co. Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Under this lesser standard, the parties must make a "particularized showing of 'good cause' under Federal Rule of Civil Procedure 26(c)" in order to avoid public disclosure. *Id.* (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).

Here, while Pioneer's motion to dismiss is potentially dispositive as to this one defendant, it is not potentially dispositive of the entire case. Therefore, the parties must satisfy a "good cause" standard for sealing documents. *See In re Midland Nat'l Life Ins. Co.*

*Annuity Sales Practices Litig.*, 686 F.3d 1115, 1119 (9th Cir. 2012). Pioneer and Plaintiffs seek to have the following exhibits to Plaintiffs' Opposition To Defendant Pioneer's Motion To Dismiss For Lack Of Personal Jurisdiction under seal:

- **Exhibit "F"** – Mutual Nondisclosure Agreement and General Terms Agreement Between Space Exploration Technologies Corp. and Pioneer Aerospace Corporation;
- **Exhibit "G"** – Meggitt Defense Systems, Inc., Purchase Order Terms and Conditions – Fixed Price Contract.

There is good cause for filing each of the above-named exhibits under seal. They are both documents designated as "CONFIDENTIAL & TECHNICAL DATA" by defendant Pioneer and subject to the Stipulated Protective Order and Supplemental Stipulated Protective Order entered by this Court. The documents are designated by Pioneer as containing proprietary information about its business practices and possibly trade secrets.

The Supreme Court has allowed for the seal of documents involving proprietary information or trade secrets. *See Nixon,* 435 U.S. at 598. The above-listed exhibits could reveal terms of defendant Pioneer's contractual relationships with other aerospace companies and other confidential and proprietary aspects of Pioneer's business. Allowing this information to be made public may place Pioneer at a competitive disadvantage. Courts must ensure that their records are not used "as sources of business information that might harm a litigant's competitive standing." *Nixon*, 435 U.S. at 598. Indeed, the parties entered into a Stipulated Protective Order and Supplemental Stipulated Protective Order to protect these private areas from public disclosure.

///
///
///
///
///
///

For the reasons contained in this motion, the Declaration of Adam B. Levine, and the attached Protective Order, there is good cause to seal Exhibits "F" and "G" to Plaintiffs' Opposition To Defendant Pioneer's Motion To Dismiss For Lack Of Personal Jurisdiction.

Dated:   September 27, 2016

CASEY GERRY SCHENK FRANCAVILLA BLATT & PENFIELD LLP

*s/ Adam B. Levine*

Adam B. Levine
Attorney for Plaintiffs

Dated:   September 27, 2016

BRYAN CAVE LLP

*s/ Alfred Shaumyan*

Alfred Shaumyan
Attorney for Defendant
Pioneer Aerospace Corporation

**SIGNATURE CERTIFICATION**

Pursuant to section 2(f)(4) of the Electronic Case Filing Administrative Policies and Procedures Manual, I hereby certify that the content of this document is acceptable to the signatories herein, and that I have obtained their authorization to affix electronic signature to this document.

<u>s/ Adam B. Levine</u>
Adam B. Levine (SBN 305368)