UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CAVNER and BETH CAVNER,<br><br>　　　　　　　　　　　　　Plaintiff,<br><br>v.<br><br>AIRBORNE SYSTEMS NORTH AMERICA OF CA, INC. et al.,<br><br>　　　　　　　　　　　　　Defendants. | Case No.: 15cv2656 LAB (BGS)<br><br>**ORDER DENYING JOINT MOTION TO CONTINUE DEADLINE FOR FACT DISCOVERY AND LATER DEADLINES**<br><br>[ECF No. 65] |

**I.　　Background**

　　The parties have filed a second Joint Motion to Continue the Deadline for Fact Discovery and Later Deadlines.  (ECF No. 65.)  This case was filed on November 25, 2015 and the first scheduling order issued on February 12, 2016.  As part of that order, fact discovery was to be completed by August 12, 2016.  However, on June 22, 2016, the parties filed a Joint Motion to Continue Deadline for Fact Discovery and Later Deadlines for 180 days.  The primary basis for the parties' good cause was the addition of other parties which necessarily required additional discovery.  In that this was the first request to continue and the stated reasons established good cause, the Court granted the parties' request for a 180-day extension of all deadlines without having the parties first detail

what discovery had been done to date.  Now the parties seek another extension of fact discovery as well as extensions for other deadlines for an additional 90 days.

## II.     Analysis

In general, the dates and times set in the scheduling order will not be modified except for good cause shown.  *See* Fed. R. Civ. P. 16(b)(4) (stating "A schedule may be modified only for good cause and with the judge's consent."). The Ninth Circuit has explained that Rule 16(b)'s good cause standard is focused on the diligence of the party seeking the amendment and has stated the inquiry as follows: "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. advisory committee's notes (1983 amendment)).

In the present case, the parties have had from February 12, 2016 to the present to conduct discovery.  In fact, the current fact discovery deadline is February 8, 2017, providing the parties almost a full year to complete discovery.  The Court has already granted an extension of 180 days.  This second request asking for an additional 90 days, with the caveat to request more extensions of the schedule, will require a detailed due diligence proffer before the Court will consider granting a limited extension of fact discovery.  The parties are to provide the Court with a detailed account of what discovery has been done, giving the dates corresponding to the specific discovery item (i.e., when the discovery was requested and when was it produced).  Further, they are to provide an account of what remaining discovery has yet to be done, and explain why using due diligence this remaining discovery could not be accomplished within the one year time frame.

By way of example, in Adam Levine's declaration, paragraphs 5-9, he summarizes written discovery propounded on July 18-19, 2016. (ECF No. 65-1.) The declarant fails to detail why this discovery was not done sooner.  Nor does the declarant detail when it was received, reviewed and how it impacts particular discovery which is outstanding.  In paragraph 12 the declarant states Rule 30(b)(6) depositions have been noticed.  The

declarant fails to detail the dates of the notices, as well as why, using due diligence, they were not noticed sooner.   Further, for any other outstanding depositions, the parties should provide the same due diligence analysis.

The Court, pursuant to the above stated law, will consider extensions of time for conducting specific discovery (as opposed to a general extension for all discovery), and only after the parties have shown that under a due diligence standard they were not able to complete the specific discovery by the extended deadline of February 8, 2017.  The Court notes that at the Case Management Conference held on February 12, 2016 the Court refused to bifurcate the discovery as moved by both sides.  So any delays for any discovery must be substantiated with a due diligence proffer.

It is ordered that the Joint Motion to Continue is denied without prejudice.  The parties may renew this motion, but only after complying with the requirements of due diligence as set for in this order.

**IT IS SO ORDERED.**

Dated:  January 10, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge