UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CAVNER and BETH CAVNER,<br><br>Plaintiff,<br><br>v.<br><br>AIRBORNE SYSTEMS NORTH AMERICA OF CA, INC. et al.,<br><br>Defendants. | Case No.: 15cv2656 LAB (BGS)<br><br>**ORDER GRANTING IN PART RENEWED MOTION TO CONTINUE DEADLINE FOR FACT DISCOVERY AND LATER DEADLINES**<br><br>[ECF No. 67] |

### I.   Background

Following denial of a Joint Motion to continue the deadlines for fact discovery and later deadlines, Plaintiff has filed a Renewed Motion to extend the deadlines for fact discovery and other deadlines.  As the Court explained in its Order denying the Joint Moiton, this case was filed on November 25, 2015 and the first scheduling order issued on February 12, 2016 with fact discovery to be completed by August 12, 2016.  That deadline was extended by 180 days at the parties' request because of the addition of other parties.  Now Plaintiffs seek another extension of fact discovery for an additional 90 days as well as extensions for other deadlines.

///

1

II.     Analysis

In general, the dates and times set in the scheduling order will not be modified except for good cause shown. *See* Fed. R. Civ. P. 16(b)(4) (stating "[a] schedule may be modified only for good cause and with the judge's consent."). The Ninth Circuit has explained that Rule 16(b)'s good cause standard is focused on the diligence of the party seeking the amendment and has stated the inquiry as follows: "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. advisory committee's notes (1983 amendment)).

In the present case, the parties have had from February 12, 2016 to the present to conduct discovery.  In fact, the current fact discovery deadline is February 8, 2017, providing the parties almost a full year to complete discovery.  Although Plaintiffs have detailed their discovery efforts in the Renewed Motion, they have failed to show diligence in a number of respects.  For example, Plaintiffs provide no explanation why they waited until July 2016, five months after the case was scheduled, to propound written discovery to Airborne or why Plaintiffs afforded Defendant Aerostar more than two months in extensions to October 26, 2016 knowing they needed the responses before completing depositions.  Similarly, Plaintiffs rely heavily on difficulty retaining an expert, but do not explain why they waited until June 2016 to commence looking for one. Nor do Plaintiffs explain why they waited until June 2016 to attempt to inspect the parachute unit.  It appears that Plaintiffs elected not to conduct any discovery for months and now want that time back.  Finally, the Renewed Motion notes that without an extension Plaintiffs will be unable to depose percipient witnesses who may be deployed on active duty, but Plaintiffs do not indicate who they are or why those witnesses did not commence the process of deposing them sooner, particularly given they are military personnel.  The parties have been aware that comparative negligence would be an issue since at least January 2016.  (Joint Discovery Plan at 3 [ECF No. 15].)

///

### III. Conclusion

In these respects, Plaintiffs have not shown good cause for a continuance. However, because the Court is mindful of the prejudice Plaintiffs may suffer if no continuance is granted, the Court extends the fact discovery deadline to **April 10, 2017, but only for the discovery identified in the Renewed Motion.** The deadline remains **February 8, 2017** for all other fact discovery. All other deadlines remain the same because Plaintiffs have not shown good cause to extend them.

Any future motions to extend any deadlines must comply with the Court's January 10, 2017 Order concerning a showing of diligence as to the particular matter at issue, including explanation for any delays in pursing discovery relevant to the extension since the case was scheduled.

**IT IS SO ORDERED.**

Dated:  January 20, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge