UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CAVNER and BETH CAVNER, <br><br> Plaintiff, <br><br> v. <br><br> AIRBORNE SYSTEMS NORTH AMERICA OF CA, INC. et al., <br><br> Defendants. | Case No.: 15cv2656 LAB (BGS) <br><br> **ORDER DENYING RENEWED JOINT MOTION TO EXTEND FACT DISCOVERY AND PRETRIAL MOTION DEADLINES** <br><br> [ECF No. 75] |

## I.  Background

Defendants Aerostar and Airborne Systems North American of CA have filed a motion to continue fact discovery and the March 13, 2017 deadline to file pretrial motions.  (ECF No. 75.)  As the Court noted in prior orders addressing the parties requests to extend time, this case was filed on November 25, 2015 and the first scheduling order issued on February 12, 2016.  As part of that order, fact discovery was to be completed by August 12, 2016.  However, on June 22, 2016, the parties filed a Joint Motion to continue the deadline for completion of fact discovery and other remaining deadlines for 180 days.  The primary basis for the parties' good cause was the addition of other parties which necessarily required additional discovery.  In that this was the first request to continue and the stated reasons established good cause, the Court granted the parties' request for a 180-day extension of all deadlines without having the parties first detail what discovery had been done to date.

On December 28, 2016, the parties filed a Joint Motion to Continue the Deadline for Fact Discovery and Later Deadlines by 90 days. (ECF No. 65.) That Joint Motion was denied because the Plaintiffs failed to show diligence in pursing discovery. In particular, the Court explained that the parties had not provided information about when the discovery that had not been completed had been initiated. And in general, the parties had failed to explain why, using due diligence, this remaining discovery could not be accomplished within the one year time they had already had available to complete discovery.

On January 13, 2017, Plaintiffs filed a Motion to Continue Fact Discovery by 90 days. (ECF No. 67.) Defendants did not join the Motion. The Court found Plaintiffs had still failed to show diligence in a number of respects, including, waiting five months to propound written discovery to Airborne, allowing Aerostar numerous extensions to respond to written discovery in light of the fact discovery deadline, failing to initiate finding an expert earlier, delaying efforts to inspect the parachute unit, and having failed to depose percipient witnesses despite knowing comparative negligence would be an issue since January 2016. Despite these rather significant deficiencies in Plaintiff's diligence, or at least in explaining their diligence, the Court took into consideration Plaintiffs' more recent efforts and the prejudice identified that they would likely suffer as a result of not being able to complete specific discovery and granted an extension to April 10, 2017. The extension was limited to the specific fact discovery Plaintiffs identified in the Motion.

On January 26, 2017 the parties filed another Joint Motion seeking an extension for all fact discovery to April 10, 2017 and to continue the deadline to file pretrial motions. The Joint Motion did not identify what steps Defendants had taken to complete discovery in the year provided to do so. There was no explanation why the deadline could not be met other than a general statement that Defendants "are unfairly prejudiced by the current staggered fact discovery deadlines, in which fact discovery closes for the Defendants two months before it closes for Plaintiffs." (January 26, 2017 Joint Mot. at

2.) It also failed to identify what discovery has been conducted and what discovery remained outstanding for purposes of extending fact discovery. There was no identification of any discovery done, discovery that still needed to be done, or any explanation why the uncompleted discovery had not been done and could not have been done by the deadline. Defendants did not identify when the discovery they sought an extension to complete was initiated, and, as relevant, why it was not done sooner. And, as to discovery Defendants wanted an extension to complete, they had also failed to explain why they waited until two weeks before the deadline to raise it — after the Court considered two prior motions to continue the fact discovery deadline, including one they refused to join.

Defendants have now filed a Renewed Motion to extend fact discovery to April 10, 2017 for Defendants and to extend the March 13, 2017 deadline to file pretrial motions. Plaintiffs have not joined the Motion, but Defendants represent that Plaintiffs have indicated they will not oppose it.

## II. Analysis

As the Court explained in its prior orders, in general, the dates and times set in the scheduling order will not be modified except for good cause shown. *See* Fed. R. Civ. P. 16(b)(4) (stating "A schedule may be modified only for good cause and with the judge's consent."). The Ninth Circuit has explained that Rule 16(b)'s good cause standard is focused on the diligence of the party seeking the amendment and has stated the inquiry as follows: "[t]he district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.,* 975 F.2d 604, 609 (9th Cir. 1992) (citing Fed. R. Civ. P. advisory committee's notes (1983 amendment)). Additionally, the Court's Chambers' Rules require that any joint motion to extend the deadlines set by the Court "must include a declaration from counsel of record detailing the steps taken to comply with the dates and deadlines set in the order, and the specific reasons why deadlines cannot be met, as well as specific discovery that has been conducted, and what specific discovery remains

outstanding." (Chambers' Rules at 5.)

### A. Extension of Fact Discovery Deadline

Defendants' Motion includes a declaration that indicates that Airborne noticed and conducted Plaintiffs' depositions on January 31, 2017, and it also identifies the numerous depositions Plaintiffs have noticed through February 10, 2017. It indicates that as of January 25, 2017, Plaintiffs are in possession of the subject parachute system and the parties are in the process of scheduling additional depositions. Defendants do not identify what discovery they conducted prior to Plaintiffs' January 31, 2017 depositions, but refer to the Declaration of David S. Casey, Jr. offered in support of Plaintiffs' January 13, 2017 Motion as an accurate description of the parties' written discovery as of that date. That declaration identifies the discovery Plaintiffs pursued beginning in July 2016,[1] Defendants' responses to it, and the parties' efforts to resolve discovery disputes as to written discovery, and the reasons that the discovery Plaintiffs identified was delayed.

Defendants do not identify what discovery they need an extension to complete. Defendants indicate that they cannot identify the discovery they need an extension to complete because it is unknown at this time. They argue the issue is not whether they can complete discovery by the deadline, but whether they will suffer prejudice in Plaintiffs completing discovery at a later date than Defendants. Defendants' only explanation for how they will be prejudiced is speculation that issues will be raised and discovered by Plaintiffs during the period they are completing discovery and Defendants will not be able to pursue their own discovery regarding those issues. However, the Motion does not identify any issues that have arisen from Plaintiffs' completion of discovery that Defendants need to pursue. Defendants speculate they may be prejudiced if something unanticipated arises through Plaintiffs' completion of discovery and they are unable to conduct related discovery, but have not demonstrated any prejudice at this point. The

---

[1] It does not appear from the record thus far that the parties pursued any discovery between February 2016 and July 2016.

4

Court is not precluding the possibility that something Defendants' could not have anticipated may arise as Plaintiffs complete certain discovery and warrant an extension to complete, but Defendants have not made that showing yet. The request for a blanket extension of all fact discovery to April 10, 2017 is denied.

### B.     Extend of Deadline to File Pretrial Motions

As to the request to extend the deadline to file pretrial motions, Defendants argue the deadline should be extended beyond the April 10, 2017 deadline for Plaintiffs to complete certain discovery to allow the parties to have a complete factual record before filing motions. The Court agrees that the deadline to file pretrial motions is generally after the completion of all fact discovery, but as the Court pointed out in its prior order, the ideal schedule has been disrupted by the parties' lack of diligence — apparently failing to conduct discovery from February 2016 to June 2016 and their delays in completing the discovery that began in July 2016. And again, as the Court noted in its January 27, 2017 Order, the parties have made no showing what it is they will be unable to complete in advance of the current pretrial deadline that necessitates delaying the rest of this case further. The request to extend the deadline to file pretrial motions is denied.

### C.     Future Motions to Extend Time

As previously explained in the Court's prior orders, if any party seeks further extensions of the time to complete discovery, the request must identify what specific discovery the party needs to complete, all efforts to complete that discovery prior to the applicable discovery deadline, and an explanation why it could not be completed by the deadline. For example, if Defendants identify discovery they need based on an issue that arises as a result of the discovery Plaintiffs are completing, Defendants would need to identify what the new issue is, why Defendants did not anticipate the issue in their own discovery efforts previously, the specific discovery necessitated by the new issue, and when it can be completed. Additionally, any request from any party should identify the requesting parties' efforts to complete discovery since the case was scheduled in February 2016, or as to Aerostar, when the party entered the case.

As to the deadline to file pretrial motions, if the parties seek to extend this deadline, the parties would need to explain why the deadline cannot be met.  For example, if Plaintiffs had yet to complete discovery needed to file a pretrial motion, Plaintiffs would need to identify all efforts to complete that discovery sufficiently in advance of the March 13, 2017 deadline to file pretrial motions.  The April 10, 2017 deadline for completion of certain discovery does not relieve the parties of their responsibility to pursue the case diligently to comply with all deadlines, including the deadline to file pretrial motions.

Any requests that fail to comply with the above requirements will be summarily denied.

### III.   Conclusion

For the reasons stated above, the Motion is **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated:  February 13, 2017

Hon. Bernard G. Skomal
United States Magistrate Judge